# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAY SIEVERDING, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. <br> 18-10916-FDS |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

On May 7, 2018, plaintiff Kay Sieverding filed a complaint against the United States Department of Justice, alleging various acts of misconduct by DOJ employees. The suit also asks the Court to "ratify" a remand decision issued by DOJ's Office of Information Policy ("OIP").

On August 6, 2018, defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion will be granted.

## I. Background

Sieverding has a long history of bringing suit against both individuals and the federal government. In October 2002, Sieverding and her husband sued 36 defendants over issues stemming from a land dispute that had begun in 1991. *Sieverding v. Colorado Bar Ass'n*, 2003 WL 22400218 (D. Colo. Oct. 14, 2003). In March 2004, a United States District Judge for the District of Colorado dismissed the Sieverdings' claims with prejudice and enjoined them from filing lawsuits related to the subject matter of the case in any court. *Sieverding v. Colorado Bar*

*Ass'n,* 469 F.3d 1340, 1342-43 (10th Cir. 2006). In 2005, the Tenth Circuit affirmed the district court's order. *Sieverding v. Colorado Bar Ass'n*, 126 Fed.Appx. 457 (10th Cir. 2005).

The Sieverdings did not comply with that restriction. Instead, they filed actions related to the same subject matter in courts throughout the country. *Sieverding v. Colorado Bar Ass'n*, 469 F.3d at 1343. Faced with the threat of being held in contempt of court, Mr. Sieverding withdrew his name from the pending cases. *Id.* Ms. Sieverding, however, refused to dismiss the lawsuits and was eventually held in contempt. She was jailed several times. *Id.*

In January 2006, Judge Nottingham in the District of Colorado released Sieverding from custody on the condition that she dismiss all of her remaining lawsuits. *Id.* He also entered an order prohibiting Sieverding from filing any lawsuit, anywhere in the country, unless she was represented by a lawyer or unless she had received approval from the district court. *Id.* The Tenth Circuit affirmed Judge Nottingham's decision, but modified the order so that it only prohibited Sieverding from bringing actions against the 36 defendants she had sued in 2002. *Id.* at 1345. Sieverding did not comply with the modified order and continued to file actions alleging a variety of claims, including Privacy Act violations, arising from her incarcerations. *Sieverding v. United States Dept. of Justice*, 847 F. Supp. 2d 75, 79 (D.D.C. Mar. 12, 2012).

In April 2016, Sieverding filed a Privacy Act lawsuit in this district against the DOJ. *Sieverding v. United States Dep't of Justice,* No. 1:16-cv-10688-PBS. Sieverding alleged that the DOJ had violated the act by sending senators incorrect information about her without checking the information for accuracy. *Sieverding v. United States Dep't of Justice,* No. 1:16-cv-10688-PBS, Amended Complaint, Docket No. 7, ¶¶ 242-44. She also alleged that the United States Marshals Service ("USMS") had violated the act by failing to establish rules that adequately safeguarded its records. *Id.*

Upon recommendation of Magistrate Judge M. Page Kelley, Chief Judge Patti B. Saris dismissed Sieverding's suit for its failure to identify any adverse government agency determination and any adverse effect on Sieverding in general. *Sieverding v. United States Dep't of Justice,* No. 1:16-cv-10688-PBS, Docket Nos. 27, 37.

Sieverding filed another Privacy Act lawsuit in this district against the DOJ in June 2017. *Sieverding v. United States Dep't of Justice*, No. 1:17-cv-11036-PBS. In that suit, Sieverding contended that, among other things, USMS had violated the Privacy Act by (1) failing "to establish an appropriate control requiring a proper criminal case number or proof that there was an actual criminal prosecution was a proximate cause of the illegal imprisonment of plaintiff in 2005, 2006, and 2007"; (2) failing to develop rules or penalties concerning incorrect record entries; and (3) discussing Sieverding's case with the press, with a court, and with Sieverding herself. *Sieverding v. United States Dep't of Justice*, No. 1:17-cv-11036-PBS, Compl., Docket No. 1, ¶¶ 4-61. Sieverding also alleged that USMS had failed to process several of her administrative complaints.

Again acting upon recommendation of Magistrate Judge Kelley, Chief Judge Saris dismissed the suit as barred under the doctrine of *res judicata*. *Sieverding v. United States Dep't of Justice*, No. 1:17-cv-11036-PBS, Docket Nos. 56, 90, 91.

Sieverding filed the complaint in this action on May 7, 2018.

## II. Analysis

The complaint alleges seven counts: (1) First Amendment retaliation; (2) Due Process violation; (3) conspiracy to violate constitutional rights; (4) false imprisonment; (5) malicious prosecution; (6) Privacy Act violation; and (7) Freedom of Information Act ("FOIA") violation.

### A. Counts 1-6

The doctrine of claim preclusion, or *res judicata*, provides that "a final judgment on the merits precludes parties from relitigating claims that were or could have been brought in a prior action." *Universal Ins. Co. v. Office of Ins. Comm'r*, 755 F.3d 34, 37 (1st Cir. 2014); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980). Claim preclusion has three elements: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Haag v. United States*, 589 F.3d 43, 45 (1st Cir. 2009) (quoting *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994)).

The first and third elements are clearly satisfied here. Plaintiff's prior lawsuits against the DOJ resulted in final decisions on the merits in both this district and the District of Columbia. *See Sieverding v. United States Dep't of Justice*, No. 1:17-cv-11036-PBS, Recommendation of Magistrate Judge Kelley, Docket No. 56 at 10.

The second element is also satisfied here. To determine whether two causes of action are "sufficient[l]y identical[]," the First Circuit employs a "transactional analysis" that looks to whether the causes of action "derive from a common nucleus of operative facts." *Haag*, 589 F.3d at 46 (1st Cir. 2009). In other words, a court asks whether the two causes of action "grow[] out of the same transaction or series of connected transactions." *Id.* Here, each of plaintiff's first six claims arise out of her incarcerations, and the records concerning those incarcerations, that were addressed and dismissed in the earlier cases.

Plaintiff's first six claims are therefore barred under the doctrine of claim preclusion.

### B. Count 7

Plaintiff's seventh and final claim alleges that the DOJ's Executive Office of United

4

States Attorneys ("EOUSA") has improperly withheld records that she requested under the FOIA. *Sieverding v. United States Dep't of Justice*, No. 1:18-cv-10916-FDS, Compl., Docket No. 1, ¶ 516.

Plaintiff has already appealed EOUSA's decision to DOJ's Office of Information Policy ("OIP"). In response to her appeal, OIP notified plaintiff that it was "remanding [her] request to EOUSA for further processing of the responsive records." *Sieverding v. United States Dep't of Justice*, No. 1:18-cv-10916-FDS, Letter from OIP, Docket No. 1-19. EOUSA, the letter said, would send the documents to plaintiff "if [it] determine[d] that [the] records [were] releasable." *Id.*

Plaintiff asks this Court to "ratify" OIP's decision by ordering EOUSA to produce the records. *Sieverding v. United States Dep't of Justice*, No. 1:18-cv-10916-FDS, Compl., Docket No. 1, ¶ 1. OIP's decision, however, did not require EOUSA to produce any records; instead, it specifically left the decision on whether to release the records to EOUSA. Count Seven therefore fails to state a claim for which relief can be granted and will be dismissed.

**III**. **Conclusion**

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 15, 2018

5